**Winsome STEWART, Plaintiff,**

v.

**The VILLAGE OF SPRING VALLEY et al., Defendants.**

**No. 98 Civ. 5798(CM).**

United States District Court,
S.D. New York.

July 15, 1999.

Everett Lewis, Lewis, Greenwald, Clifton, Lewis, P.C., New York City, for Winsome Stewart, plaintiff.

Alan I. Lamer, Jay M. Solomon, Law Offices of Alan I. Lamer, Elmsford, NY, for Dom's Towing Inc., defendants.

**MEMORANDUM DECISION AND ORDER DISMISSING PLAINTIFF'S FEDERAL CLAIMS AND EXERCISING SUPPLEMENTAL JURISDICTION OVER THE RELATED STATE CLAIMS**

McMAHON, District Judge.

Plaintiff, Winsome Stewart, decided to change her automobile insurance. Everything went wrong from there.

On March 22, 1998, Ms. Stewart, an African American, was driving within the Village of Spring Valley, New York, when she was involved in a minor two car accident. The police were called. Defendant P.O. Earnest Levy of the Spring Valley Police Department, also an African American, responded to the scene. He asked for and obtained Ms. Stewart's license, registration and insurance information. As is customary, he contacted the New York State Department of Motor Vehicles concerning the two drivers. He learned that Ms. Stewart's license had been suspended and that her registration had also been suspended because her insurance had lapsed. After receiving that information, Officer Levy issued Ms. Stewart two summonses—one for her suspended license and one for her suspended registration. He then seized her license plates and contacted a local towing franchise, defendant Dom's Towing, to tow her car. His conduct in this regard was entirely lawful, since a police officer may not permit an unlicensed motorist to drive an unregistered and uninsured vehicle on the roads in this State.

Ms. Stewart contacted the Department of Motor Vehicles (the "DMV") to ascertain where the screw-up had occurred. She was advised that she owed a fine of $300. She then contacted her insurer and at some point cleared up the change in insurance coverage to the satisfaction of the DMV. Finally, she went to the Justice Court of the Village of Spring Valley on April 16, 1998, where she explained all this to Judge Thaxton and the Assistant Dis-

trict Attorney. The ADA offered her a plea to a single count of unlicensed operator, a violation, under Vehicle & Traffic Law 509(1). Ms Stewart was advised that this plea to a petty offense (i.e., less than a misdemeanor) would result in no points on her license. She took the plea. Her time to appeal has long since expired.

All would have been well if Ms. Stewart had simply been able to retrieve her car and get on with her life. Unfortunately, she could not. Her car had been stolen from Dom's storage lot, apparently by driving her car through a chain link fence and out onto West Central Avenue. Ms. Stewart knew that her car had been stolen because it was she who discovered the theft when she went to Dom's on March 25, intending to take her car home. The police were called. Defendant Officer Gulano arrived to investigate. Plaintiff went home.

It appears that the Spring Valley police recovered the stolen car that same night, but never contacted Ms. Stewart. Instead, the police put the car into storage at Joe's Tires, where it sat until October 5, when someone called plaintiff's pastor and told him where the car was being stored. Plaintiff went immediately to Joe's, but Joe refused to release the car until someone paid him $4000 in storage fees. Plaintiff, lacking $4000, was forced to leave her car in storage. Because she does not have the money to pay the fee, she is allegedly incurring additional storage charges of $20 per day. By this time, her storage costs doubtless exceeds the book value of the car (a 1992 Toyota).

Plaintiff, lacking reliable transportation, alleges that she has lost employment as a home health aide because of the loss of her car. She contends that she could no longer attend college because she no longer had a job with which to pay the fees. Once a taxpaying citizen, plaintiff has been forced to move in with her daughter and has even sought public assistance. This should never have happened to Ms. Stewart. She believes that she is entitled to some redress.

Ms. Stewart has sued Spring Valley, Dom's Towing and the two police officers named above for violating her constitutional rights. Defendants' motion for summary judgment dismissing those claims must be granted. Indeed, plaintiff concedes as much in response to the various motions. Therefore, I grant the motion for summary judgment dismissing all plaintiff's federal claims.

Plaintiff has also pleaded claims in common law negligence against both Spring Valley and Dom's, and here she would appear to be on firmer ground. Someone screwed up, and screwed up badly. Spring Valley has moved (on information and belief) to dismiss on the ground that no Notice of Claim was filed. In that, the Village is not correct: plaintiff's counsel attached to his affidavit a copy of the Notice of Claim, which was filed on December 24, 1998. Plaintiff contends that this was within three months of the date on which plaintiff's claim accrued, which was October 5, 1998, the date she learned of her car's recovery, but was unable to retrieve it due to the excessive storage charges. Plaintiff's Amended Complaint, which added her State law negligence claim against the Village based on its failure to apprise her of the location of her vehicle, was filed more than 30 days after service of the Notice of Claim, and the Amended Complaint pleads compliance with the statute. *See* Cplt. ¶ 55. Spring Valley's counsel would do well to be a bit more careful; carelessness with Ms. Stewart's affairs may yet turn out to be quite costly.

I elect to exercise supplemental jurisdiction over the pendent State law claims. I am referring this matter to Magistrate Judge Fox with instructions that he set an expedited schedule for finishing discovery and conduct a settlement conference as soon as possible. It would be in everyone's interest if Ms. Stewart got her car back sooner rather than later. The parties

are advised that this case will be tried during calendar year 1999 if it is not settled.